BENJAMIN SPALDING'S EXECUTOR *v.* ELIZABETH SPALDING.

**Wills—Construction.**

This suit was brought to have a proper construction of the will of B. Spalding and to ascertain definitely the amount the widow is entitled to under the will. The provisions of which bearing on this particular question are as follows:

"First: My just debts must all be paid; and second, I will to my wife Elizabeth and her heirs forever, the one half of my entire estate."

Held: That the widow was entitled under the will to one-half of the entire estate after deducting therefrom the debts of the testator.

APPEAL FROM MARION CIRCUIT COURT.

January 21, 1872.

OPINIJN OF THE COURT BY JUDGE PETERS:

This suit is brought to have a proper construction of the will of the late B. Spalding, or to ascertain definitely the amount the widow is entitled to under the will, the provisions of which bearing on this particular question are as follows: *First,* my just debts must all be paid; and *second,* I will to my wife, Elizabeth Spalding, to her and her heirs forever the one-half of my entire estate. She is to have the home plantation, including houses, household furniture, kitchen furniture and farming utensils, and all my stock of the farm at the price of twenty-two thousand five hundred dollars. As I estimate my entire estate at one hundred thousand dollars, including my home plantation, furniture, etc. There are about 325 acres in the tract, and my wife

is to have that much in the plantation towards making up her half, and the balance of her half, say twenty-seven thousand five hundred dollars, to be made up out of my other estate, money, stocks, etc.

In the *third, fourth* and *fifth* clauses he made specific bequests, to certain persons, some of which are for charitable uses. And in the sixth clause he makes the following declaration and provision, in relation to the devise to his wife: If my estate falls short of one hundred thousand, my estimate, my wife of course will get less, or if more she will get more. She is to have half; and to have the home plantation, as before named, with stock, etc., at $22,500, in part of her half.

In the seventh clause, after providing for the indemnity of his nephew, Sam Spalding, for the loss of about $225, which he sustained by the purchase of some slaves, which the testator believed he induced him to make, he says: "I do not want to make any other special provisions, therefore leave the balance for my heirs," and after nominating his executors and executrix, he says they may sell and convey his "unwilled" real estate.

The court below adjudged that the widow was entitled under the will to the one entire half of the estate of testator undiminished by debts owing by him at the time of his death, and the costs and expenses incident to the administering and settlement of the estate, and from that judgment this appeal is prosecuted.

Having estimated his estate to be worth one hundred thousand dollars, and valuing his home farm, stock, furniture, etc., at $22,500, which his wife was to have in any event, the testator directed that she should have $27,500, made up to her out of the residue so as to make the half of a hundred thousand.

But regarding it as somewhat uncertain whether his estate would reach the estimate he had put on it, he says if it falls short of that estimate, his wife, of course, will get less; or if more she will get more. The fact whether his estimate was correct, or whether his estate would fall short of, or exceed that estimate, were to be ascertained when the time came for payment of the legacy; the testator had not definitely fixed it. And how was the true value of his estate to be ascertained? Not alone by ascertaining whether the testator had been deceived in the valuation he put on his estate, or in the quantity of it, but

by ascertaining the amount of his debts; also, and he could not have intended to have excluded his debts when he declared that if it fell short of his estimate his wife would, of course, get less.

Nor can the words, "entire estate," used in the second clause, enlarge the devise to the wife. On the other hand, even if their words were entitled to the controlling influence contended for, the explanatory words of the sixth clause would restrict them, and limit the devise to the wife to one-half of the estate after the payment of debts. In this view of the case it can make no difference to appellee whether the persons denominated by testator as his heirs, take the residue of the estate as heirs, or as devisees, as her portion is the one-half after the payment of the debts of testator, and the costs of administration.

Wherefore, the judgment of the circuit court is reversed, and the cause is remanded with directions to render judgment as herein indicated for further proceedings consistent herewith.

*Harrison,* for appellant.

*Lisle, Noble,* for appellee.

